## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARK DRENTH; SUNNYSCENE, L.L.C.**<br>PLAINTIFF<br><br>V.<br><br>**WALGREENS OF PUERTO RICO, INC.; INSURANCE COMPANIES A & B; COMPANIES R & S; JOHN DOE AND MARY DOE**<br>DEFENDANTS | CIVIL NO.<br><br>**COPYRIGHTS, MORAL RIGHTS, UNFAIR COMPETITION, TORTS AND UNJUST ENRICHMENT**<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW, Plaintiffs Mark Drenth and Sunnyscene L.L.C., by and through their undersigned counsel, who allege the claims set forth in this Complaint. Plaintiffs' claims as to themselves and their own actions are based upon personal knowledge. All other allegations are based upon information and belief supported by the investigation of counsel.

### I. NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq. This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1338.

2. This action is also for moral rights violation, unfair competition, torts, and unjust enrichment under the laws of Puerto Rico. These claims are

1

substantially related to the claim for copyright infringement under the federal law. Accordingly, this Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338 and 1367.

3. Venue is proper in this district, under 28 U.S.C. §§1391 and 1400, since Defendants reside or have their principal place of business in this district and the claims brought forth in the present Complaint arose in this judicial district.

## II. THE PARTIES

4. **Plaintiff Mark Drenth** is a citizen of the United States of America and a resident of Reno, Nevada. Plaintiff is a self-employed professional photographer as well as creator and managing director for company Sunnyscene, L.L.C.  His current living address is 4690 Longley Lane, Reno NV 89502 and mailing address is PO BOX 7317, Reno NV 89510.

5. **Plaintiff Sunnyscene, L.L.C.**, is a domestic for-profit company registered in the State of Nevada, dedicated to the importation and distribution of souvenir printed materials and other legal items under local law.  The company's owner and managing director is hereby Plaintiff Mark Drenth. Sunnyscene, L.L.C.'s principal place of business is located at 4690 Longley Lane, Reno NV 89502, with telephone number (775) 400-1404.

6. **Defendant Walgreens of Puerto Rico, Inc.** is a domestic for-profit corporation which operates the chain of pharmacies/stores known as Walgreens Puerto Rico, with its principal place of business at 580 Marginal Buchanan, Ext. Villa Caparra, Guaynabo, P.R. 00968, and telephone

number (787) 705-6555.  Three of Defendant's affiliate or wholly owned stores are: **(1) Walgreens of Luquillo**, store No. 9215, located at Calle 2, 889, Brisas del Mar, Luquillo, Puerto Rico, 00773, with telephone number (787) 889-3107; **(2) Walgreens of Isla Verde,** store No. 156, located at 5984 Isla Verde Ave., Carolina, Puerto Rico, 00979, with telephone number (787) 982-0390; **(3) Walgreens of Condado**, store No. 217, located at 1130 Ave. Ashford, Condado PR 00907, with telephone number (787) 721-7895.

7. **Defendants Insurance Companies A and B**, are corporations that may be responsible to Plaintiffs for the facts alleged in this Complaint, but at this moment their names and addresses are unknown.

8. **Defendants Companies R and S,** are corporations that may be responsible to Plaintiffs for the facts alleged in this Complaint, but at this moment their names and addresses are unknown.

9. **Defendants John Doe and Mary Doe,** are individuals who may be responsible to Plaintiffs for the facts alleged in this Complaint, but at this moment their names and personal information are unknown.

## III. FACTS COMMON TO ALL CLAIMS

10.   Plaintiff Mark Drenth is a specialized photographer who devotes a substantial amount of time and effort in creating and capturing photographs of the highest quality from Puerto Rico's natural landscape, tourist key points and historical sights.

11.     On 2008, Plaintiff created and registered with the Puerto Rico Department of State, a limited liability company named Sunnyscene, L.L.C., and on 2011 created and registered in Reno, Nevada, a limited liability company under the same name through which he currently does business by selling and distributing commercial products and printed materials of his photographs to individual buyers and/or stores acrosswide Puerto Rico.

12.     Plaintiff Mark Drenth has registered copyrights with the United States Copyright Office in Washington D.C. over numerous of his own original photographs, under several works and collections compiled by Plaintiff himself, being them the following: **(a) Puerto Rico Deluxe Calendar with Puerto Rican Holidays 2011 Calendar** (No. VA 1-750-864); **(b) Puerto Rico Screen Saver 38 Full Color Images Mac & PC** (No. VA 1-778-738); **(c) La Isla del Encanto Puerto Rico Picture Book** (No. VA 1-778-003); and **(d) Sunnyscene Collection of Deluxe Puerto Rico 5 x 7 Embossed and Spot Varnished Postcards** (No. VA 1-778-740); **(e) San Juan: 75 Color Photo Book- Text and Photos by Mark Drenth** (TX 5-818-167). Copy of the Certificate of Registration for each, are enclosed herein as **Exhibit A.**

13.     Copyrights and permissions of use, sale and distribution of all of these works and products have been awarded to Mark Drenth himself and/or his company, Sunnyscene, L.L.C., which in turn appears as sole registered copyright claimant specifically over the Puerto Rico Deluxe 2011 Calendar. See, Certificates of Registration, **Exhibit A.**

14.     Defendant Walgreens of Puerto Rico, Inc. has repeatedly infringed hereby Plaintiffs Mark Drenth and Sunnyscene, LLC's copyrights of their works registered with the U.S. Copyright Office, by illegally making, displaying, publicly exhibiting and selling derivative works from Plaintiffs' registered photographs and/or digital images, without acquiring authorization and without awarding Plaintiffs any monetary compensation whatsoever.

15.     In addition, none of the derivative works or products made illegally by Defendant make any attribution or reference to hereby Plaintiff Mark Drenth as rightful owner, author and creator of the images of reference. Additionally, most of Defendant's infringing material modifies and/or alters Plaintiff's original artistic composition, in clear violation of his moral rights over his own creative work.

16.     Walgreens of Puerto Rico, Inc.'s illegal, violating and infringing conduct was initially discovered by hereby Plaintiff in 2011, and has been ongoing from three of its affiliated stores **(1) Walgreens of Luquillo; (2) Walgreens of Isla Verde**; and **(3) Walgreens of Condado**, as follows:

### A. WALGREENS OF LUQUILLO

17.     Defendant Walgreens of Puerto Rico, Inc. via its affiliate or wholly owned store Walgreens of Luquillo (No. 9215), has infringed hereby Plaintiffs' copyrights by illegally making, displaying, publicly exhibiting and re-selling copies and derivative works from at least **thirty-two (32)** of

Plaintiff Mark Drenth's artistic photographs taken by him acrosswide Puerto Rico, and already registered with the United States Copyright Office as integral part of the above-listed works and collections (i.e. photographs of Fort San Cristóbal; Observatory of Arecibo; Blue Beach, Vieques; Parque de Bombas, Ponce; Lago Dos Bocas, Utuado; Dry Forest, Guánica; Fort El Morro; El Yunque Rainforest; Old San Juan sights; Crash Boat, Aguadilla, among many others).

18. Firstly, the Walgreens store in Luquillo took Plaintiff's artistic photographs, which had been taken of different natural landscapes and historical sights in Puerto Rico, and altered them by unilaterally adding lettering in clashing white-colored font with descriptive wording on the top of each image. Walgreens of Luquillo then manufactured souvenirs in the form of *postcards* of such altered photographs, and further displayed them in a rack at their store, placed for sale to the general public.

19. Defendant Walgreens of Puerto Rico, Inc. therefore illegally, and without notifying nor seeking authorization from the Plaintiffs Mark Drenth and Sunnyscene, L.L.C., printed, copied, distributed, made derivative works from, publicly exhibited and sold at least twenty-five (25) postcards pertaining to twenty-five (25) different images (25 works) of the authorship and property of hereby Plaintiff.

20. More so, at least twenty-three (23) digital images belonging to Plaintiffs' CD-Rom Screensaver Collection (Registration No. VA 1-778-738), were illegally altered, reproduced, and sold by Defendant Walgreens of Puerto

Rico, Inc. through their store in Luquillo, without notifying nor acquiring prior authorization from hereby Plaintiffs Mark Drenth and Sunnyscene, LLC.

21.   Defendant has shown (and is believed to be currently showing) clients a CD catalog comprised of a wide array of digital images to choose from, of Puerto Rican landscapes and historical sites, all part of Plaintiff's registered CD-Rom Screensaver Collection. (Many of these exclusive digitalized images also form part of the other copyrighted collections, for which their registration numbers are provided above).  Clients are then given the option of choosing whichever images they would like to have printed, in any requested size, including "wallet" sized photos.

22.   Defendant's store in Luquillo, in making such prints, illegally reproduced each original work (pictures), modifies the lighting of the photographs, and crops them in a way that their original artistic composition is irremediably altered.

23.   As we have mentioned, a total of at least twenty-three (23) digital images (23 works) pertaining to the screensaver collection have been infringed in this manner, yet sixteen (16) of these same images are contained also among the original group of twenty-five (25) that had been originally turned into postcards and that have been illegally taken and reproduced from other Plaintiff Copyrighted Collections.

24.   Hence, an *additional* seven (7) entirely new photographic images from Plaintiff Mark Drenth's authorship were accessed directly from Plaintiffs' CD-Rom Screensaver Collection, for a total of- at least- **thirty-two (32) unique**

**artistic images** (works) that have been willfully and illegally infringed by Defendant Walgreens of Puerto Rico, Inc. through their affiliate or wholly owned store in Luquillo.

25.    Neither Defendant Walgreens of Puerto Rico, Inc., or its affiliated store in Luquillo, ever obtained authorization, license or any other form of consent from Plaintiffs to use, reproduce, print, copy, distribute, make derivative work from, sell, publicly exhibit nor modify or alter in any way the photographs of reference.

26.    Neither Defendant Walgreens of Puerto Rico, Inc., or its affiliated store in Luquillo, have ever awarded any monetary compensation to Plaintiffs for the use of their photographs without their consent.

27.    In addition, none of the derivative products made by the store provided any attribution or reference whatsoever to hereby Plaintiff Mark Drenth as rightful owner, author and creator of the photographic and artistic images of natural and historical sights in Puerto Rico that were being exploited for Defendant's monetary gain, in clear violation of Drenth's moral rights over his own creative work.

## B. WALGREENS OF ISLA VERDE

28.  Defendant Walgreens of Puerto Rico, Inc., through its affiliate or wholly owned store No. 156 located in Isla Verde, has infringed hereby Plaintiffs' copyrights by illegally making, displaying, publicly exhibiting and re-selling derivative works from one of Plaintiff Mark Drenth's artistic photographs of

Fort San Felipe del Morro, already registered with the United States Copyright Office as integral part of the above-listed works and collections.

29.   More specifically, Defendant's Walgreens store in Isla Verde took Plaintiff's exact photograph of Fort San Felipe, and added in big lettering and clashing font the words "El Morro" over the lower left corner of such photograph. Co-defendants then manufactured souvenirs in the form of magnets of such altered photograph, to be made and sold at their store in two different sizes, large and small, for $4.99 and $2.99, respectively.

30.   In doing so, Defendant Walgreens of Puerto Rico illegally, and without notifying nor seeking authorization from the Plaintiffs in this case, Mark Drenth and Sunnyscene, L.L.C., printed, copied, distributed, made derivative works from, publicly exhibited and sold at least two (2) magnets, with an image property of hereby Plaintiff.

31.   Defendant never obtained authorization, license or any other form of consent from Plaintiffs neither to use, reproduce, print, copy, distribute, made derivative work from, sell, publicly exhibit nor modify or alter in any way the photograph of reference.

32.   Despite their commercial gain, neither Defendant Walgreens of Puerto Rico, Inc., nor its affiliate or wholly own store in Isla Verde, have ever awarded any monetary compensation to Plaintiffs for the use of their photographs without their consent.

33.   In addition, none of their derivative products made any attribution or reference whatsoever to hereby Plaintiff Mark Drenth as rightful owner,

author and creator of the photographic image of Fort San Felipe del Morro, in clear violation of Drenth's moral rights over his own creative work.

## C. WALGREENS OF CONDADO

34.    Defendant Walgreens of Puerto Rico, Inc. has used, reproduced, printed, copied, distributed, made derivative work from, sold, and publicly exhibited a total of at least **twenty-six (26) images** of the original authorship and property of hereby Plaintiff Mark Drenth, from its affiliate or wholly owned store No. 217 in Condado, P.R.

35.    More specifically, Defendant has shown (and is believed to be currently showing) clients a CD catalog comprised of a wide array of digital images to choose from, of Puerto Rican landscapes and historical sites, all part of Plaintiff's registered CD-Rom Screensaver Collection. (Many of these exclusive digitalized images also form part of theother copyrighted collections, for which their registration numbers are provided above).

36.    Clients are then given the option of choosing whichever images they would like to have printed, either in the form of large banners, souvenirs such as mugs and/or customized calendars.

37.    Banners (2 x 8 feet) and other such materials derived from hereby Plaintiff's registered photographs are being currently displayed as advertisement to the general public in their Photo and Developing Department.

38.    Also, on the reverse side of a Puerto Rico Children's Book are some of hereby Plaintiff Mark Drenth's copyrighted animated designs, meant to be

cut out and used as bookmarks for children, the **four (4)** of which Defendant's affiliate or wholly own store in Condado illegally printed and enlarged to decorate the end-cap of their display located at the front of their store.

39.     Defendant never obtained authorization, license or any other form of consent from Plaintiffs neither to use, reproduce, print, copy, distribute, made derivative work from, sell, publicly exhibit nor modify or alter in any way the photographs and animated images of reference.

40.     Despite their commercial gain, neither Defendant Walgreens of Puerto Rico, Inc., nor its affiliate store in Condado, have ever awarded any monetary compensation to Plaintiffs for the use of their photographs and animated images without their consent.

41.     In addition, none of their derivative products made any attribution or reference whatsoever to hereby Plaintiff Mark Drenth as rightful owner, author and creator of these images and animated figures, in clear violation of Drenth's moral rights over his own creative work.

## IV. <u>FIRST CAUSE OF ACTION- WILLFUL COPYRIGHT INFRINGEMENT</u>

42.     The allegations contained in paragraphs 1 trough 41 are incorporated herein by reference.

43.     Defendant Walgreens of Puerto Rico, Inc., or its affiliate or wholly owned stores, deliberately failed to notify Plaintiffs of their intent to use the photographs of reference, much less did they make efforts to obtain hereby

Plaintiffs' authorization, license or any other type of consent to use, copy, print, distribute, make derivative work from, publicly exhibit or sell Mark Drenth's photographs of such natural and historical sights at their Walgreens stores.

44. Defendant Walgreens of Puerto Rico, Inc. illegally developed, derived, produced, promoted, distributed, made derivative work from, sold, publicly exhibited and displayed the photographs of reference in a deliberate manner, and fully aware of Plaintiff Mark Drenth's authorship and ownership over such creative work.

45. Having had easy and available access to the photographic images themselves, being them part of multiple collections publicly displayed, sold and distributed by Plaintiffs (i.e. screensavers, postcards, calendars, picture books), as well as many of them being available in digital form via Plaintiffs' CD-Rom Screensaver Collection, the affiliate or wholly owned stores in Luquillo, Isla Verde and Condado have been simultaneously and willfully infringing Mark Drenth and Sunnyscene, L.L.C.'s registered copyrights over such photographs and duly registered collections.

46. These photographic images are an exclusive product of Plaintiff's creative and artistic efforts, constituting original works, independently and solely created by its author, hereby Plaintiff Mark Drenth. The photographs of reference were further digitalized and placed as part of various registered and copyrighted materials and collections, such as postcards, calendar,

picture book, etc. for which Sunnyscene, L.L.C. also has rights and permissions of use.

47.    Defendant Walgreens of Puerto Rico, Inc., therefore, is undoubtedly liable for all copyright damages caused to hereby Plaintiffs, Mark Drenth and Sunnyscene, L.L.C., as a direct, contributory and/or vicarious infringer.

48.    Defendant, and its affiliate or wholly owned stores dispersed through Puerto Rico, are known and sophisticated business persons, each of whom, due to the nature of their business and commercial endeavor are fully aware of the requirement of having to seek consent and licensing prior to the use, manufacturing of derivative work from, distributing and selling of copyrighted materials.

49.    More so, each store is fully aware that it had not obtained permission to develop, derive, produce, promote, distribute, make derivative work from, publicly exhibit, sell or display copies of Plaintiff Mark Drenth's photographs in the form of postcards, altered digital prints, magnets, souvenirs, calendars, banners, etc., yet they did so anyway, deliberately and in willful violation of copyright federal and state law.

50.    Defendant Walgreens of Puerto Rico, Inc. is to be held liable for willfully infringing Plaintiffs' exclusive right (1) to reproduce the copyrighted work; (2) to prepare derivative works based upon the copyrighted work; and (3) to distribute copies of the copyrighted work to the public by sale. *See*, 17 USCS §102(a), and 17 USCS §501(a).

## V. SECOND CAUSE OF ACTION - MORAL RIGHTS

51.  The allegations contained in paragraphs 1 trough 50 are herein incorporated by reference.

52.  Defendant did not publish or include any reference whatsoever to Plaintiff Mark Drenth's name or authorship in their manufactured, altered, displayed and sold infringing materials, even when derived from his original artistic photographs of natural landscapes and historical sights of Puerto Rico.

53.  More so, Plaintiff Mark Drenth's photographs were modified and altered in multiple and various forms described above (i.e. by placing bright outstanding font on top of the images; by enlarging them to a point that their artistic composition would be completely lost; by severely cropping them; by incorporating them as part of souvenirs such as glossy mugs or postcards; etc.), again without Plaintiff's authorization, and in clear violation of his integrity right over his creative work.

54.  This unauthorized use of Plaintiff Drenth's photographs as described herein, has harmed his reputation and violated his moral rights of attribution and integrity as an author under the Visual Artist Right Act of 1990 (VARA) and the Puerto Rico Author Moral Rights Law, 2012 LPR §55, Law No. 55 of March 9th of 2012.

## VI. THIRD CASUE OF ACTION – UNFAIR COMPETITION

55.  The allegations contained in paragraphs 1 trough 54 are herein incorporated by reference.

56. The unauthorized reproduction of the photographs of reference directly affected Plaintiff Mark Drenth's possibilities of receiving incomes resulting from his artistic work, as the illegal souvenirs, banners, and/or prints directly compete with his original works.

57. Plaintiff spent considerable time and specialized resources in creating the photographs that were illegally and deliberately used, altered, displayed and sold by Defendant without his authorization.

58. Defendant has gained an unfair advantage by acquiring money from the sales of these postcards, souvenirs, prints, calendars, banners and/or images of reference through its affiliate or wholly owned stores located in Luquillo, Isla Verde and Condado.  Hereby Plaintiffs have not received any compensation whatsoever.

59. Therefore, Defendant Walgreens of Puerto Rico, Inc. has unreasonably restrained Plaintiffs ability to compete and to sell his photographs in a fair market condition.


## VII. FOURTH CAUSE OF ACTION – TORTS

60. The allegations contained in paragraphs 1 trough 59 are herein incorporated by reference.

61. Defendant Walgreens of Puerto Rico, Inc. and its implicated affiliate or wholly owned stores knew or should have known that their illegal and negligent use of Plaintiff Mark Drenth and Sunnyscene, L.L.C.'s photographs would damage Plaintiffs' ability to compete.

62.   Defendant has, therefore, knowingly and/or negligently damaged Plaintiffs' business and ability to earn income.

## VIII. FIFTH CAUSE OF ACTION – UNJUST ENRICHMENT

63.   The allegations contained in paragraphs 1 trough 62 are herein incorporated by reference.

64.   Defendant Walgreens of Puerto Rico, Inc. wrongfully profited from illegal use of Plaintiffs' copyrighted images. All profits gained from such a conduct unjustly enriched Defendant.

## IX.   REQUEST FOR RELIEF

Hereby Plaintiffs Mark Drenth and Sunnyscene, L.L.C. respectfully request that this Honorable Court enter Judgment in their favor and against Defendant Walgreens of Puerto Rico, Inc., as follows:

## Copyright Damages

a. Permanently enjoining Defendant and its affiliate or wholly owned stores from infringing Plaintiffs Mark Drenth and Sunnyscene, L.L.C.'s copyrights pursuant to 17 USCS § 501.

b. Impounding and destroying any illegal copies and derivative works of Plaintiff Mark Drenth's photographs that may remain in the possession of Defendant, pursuant to 17 USCS § 502.

c. Regarding Defendant, awarding the greater of: (1) actual damages suffered by Plaintiffs and all profits illicitly gained by Defendant and its affiliate stores pursuant to 17 USCS § 504 (b); or, (2) statutory damages for **willful infringement** (reproduction, distribution, derivative work and public exhibition), for a total amount of **NINE MILLION SIX HUNDRED DOLLARS ($9,600,000.00)**, as follows:

- A hundred and fifty thousand dollars ($150,000.00) for each of the thirty-two (32) images (works) infringed by the Walgreens store in Luquillo, for a total amount of FOUR MILLION EIGHT HUNDRED THOUSAND DOLLARS ($4,800,000.00), pursuant to 17 U.S.C. § 504 (c).

- A hundred and fifty thousand dollars ($150,000.00) for each of the two (2) images (works) infringed by the Walgreens store in Isla Verde, for a total amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), pursuant to 17 U.S.C. § 504 (c).

- A hundred and fifty thousand dollars ($150,000.00) for each of the twenty-six (26) images (works) and each of four (4) animated images (works) infringed by the Walgreens store in Condado, for a total amount of FOUR MILLION FIVE HUNDRED THOUSAND DOLLARS ($4,500,000.00).

d. Awarding costs and attorney's fees for this action pursuant to 17 USCS § 505.

### State-Law Damages

e.  Permanently enjoining Defendant and its affiliate stores across wide Puerto Rico from any illegal use of Plaintiff Mark Drenth's photographs.

f.  Regarding torts, awarding damages suffered by hereby Plaintiffs and all profits illicitly gained by Defendant Walgreens of Puerto Rico, Inc., for an amount not less than ONE MILLION DOLLARS ($1,000,000.00)

g.  Regarding moral rights, awarding damages suffered by Plaintiff Mark Drenth as a result of Defendant's violation of his rights of attribution and integrity over his original work, for an amount not less than TWO MILLION DOLLARS ($2,000,000.00), pursuant to 2012 LPR §55.

### Unfair Competition

h.  Permanently enjoining Defendant and its affiliate stores from any act related to their unfair competition behavior.

i.  Awarding actual damages suffered by Plaintiffs Mark Drenth and Sunnyscene, L.L.C. for an amount not less than ONE MILLION DOLLARS ($1,000,000.00).

### Unjust Enrichment

j.  Awarding actual damages suffered by Plaintiffs for an amount not less than FIVE HUNDRED THOUSAND DOLLARS ($500, 000.00).

**Common Relief**

k.  Requiring Defendant Walgreens of Puerto Rico, Inc. to account for all gains, profits and advantages derived from their acts of copyright infringement and their own violations of the law.

l.  Granting such orders and further relief as the Court deems just and proper.

m.  Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiffs also hereby DEMANDS A JURY TRIAL in this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day of December, 2012.

*SILVA & OLIVIERI, LLC*
P.O. Box 363873
San Juan, P.R.  00936-3873
Tel. (787) 274-1147/0968
Fax. (787) 763-7622
silva.olivieri.llc@gmail.com

**s/Rafael E. Silva Almeyda, Esq.**
USDC-PR-206901
Email: silva.almeyda.law@gmail.com

**s/Rafael V. Olivieri-Géigel, Esq.**
USDC-PR-226712
E-mail: lawrog@gmail.com

19